## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FIRST STATE OPERATING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-04-1645-M |
| | ) | |
| THE BANK OF LAVERNE; ROSALEE | ) | |
| LOTSPEICH, individually and as Trustee | ) | |
| of the Rosalee Lotspeich Revocable Trust | ) | |
| dated September 18, 2000; and ARROW | ) | |
| CATTLE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court are two motions to dismiss the Complaint filed by Plaintiff First State Operating Company ("FSOC"): the first is filed by Defendant The Bank of Laverne ("BOL"), and the second is filed by Defendants Rosalee Lotspeich, individually and as Trustee of the Rosalee Lotspeich Revocable Trust dated September 18, 2000 ("Rosalee Lotspeich"), and Arrow Cattle Company ("Arrow"). Both motions have been fully briefed and are now ripe for determination. For the reasons that follow, the Court finds that this action should be transferred to the United States Bankruptcy Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 157(a) and LCvR84.1(a)(1).

FSOC instituted this action by filing its Complaint in this Court on December 3, 2004. The facts underlying FSOC's claims, as summarized in its Complaint, are as follows:

> This action arises from the inequitable and improper conduct of [BOL] beginning with its preparation of false and misleading financial statements on behalf of its borrower, [Roy A.] Lotspeich, including that one prepared by the [BOL] in December, 1997 and which [Roy A.] Lotspeich presented to First State Bank ("FSB") (the predecessor to FSOC) in conjunction with a loan made by FSB to [Roy A.] Lotspeich.

[BOL] also presented a false and misleading Proof of Claim [in Roy A. Lotspeich's Chapter 11 bankruptcy[1]] wherein it included debts which had been previously discharged in bankruptcy to give the appearance that its claim exceeded the value of assets owned by the debtor which secured its loans or alternatively, [BOL] waived or released the alleged debt by its actions as more particularly set forth herein.

[BOL] engaged in preferential transfers related to the assets of the debtor, assisting in giving the appearance that the debtor had less assets based upon transfers to insiders and entities owned by the debtor, all in an attempt to hide assets from FSOC.

As a consequence of [BOL's] gross and inequitable and wrongful conduct, the Plaintiff respectfully submits that:

a.      Judgment should be entered against [BOL] for participating in a conspiracy scheme or plan to intentionally or negligently misrepresent and to create false financial statements which deepened the insolvency of the debtor and appropriate damages should be awarded as a result of these acts and the injury to FSOC;

b.      Certain liens and guaranties securing the debtor's obligations to [BOL] should be avoided as preferences and/or fraudulent conveyances or should be equitably subordinated to the claims of FSOC.

Compl. at ¶¶ 1-4.

In support of its assertion that this Court possesses subject matter jurisdiction over this action, FSOC states:

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334 because this is a civil proceeding arising under the Bankruptcy Code or arising in or related to the debtor's estate.  The claims and causes of action asserted herein are related to claims in the [Roy A.] Lotspeich Bankruptcy and resolution of those claims will have an impact on the administration of the bankruptcy estate.

---

[1]      Case No. 02-22227-BH, United States Bankruptcy Court for the Western District of Oklahoma.

2

Compl. at ¶ 10.  Each federal district court is vested with discretion to refer to the bankruptcy court in its district "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. § 157(a).  This Court, in the exercise of its discretion, has elected to automatically refer "all cases under title 11 and . . . all proceedings arising under title 11 or arising in or related to a case under title 11" to the United States Bankruptcy Court for the Western District of Oklahoma.  LCvR84.1(a)(1) ("Pursuant to 28 U.S.C. § 157(a), all cases under Title 11 of the United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be and are hereby referred to the bankruptcy judges for this district.").

In its Motion to Dismiss, BOL urges the Court to, among other things, transfer at least some of FSOC's claims to this district's Bankruptcy Court in accordance with § 157(a) and LCvR84.1(a)(1).[2]  In response, FSOC

> submits that L.Cv.R. 84.1 should not be construed to have referred this unique case [or other cases like it] to the Bankruptcy Judge. Alternatively, this Court should on its own motion or upon FSOC's request herein that [sic] the District Court withdraw the reference consistent with 28 U.S.C. § 157(d) since the case was properly filed in the District Court because of the concurrent jurisdiction of Code § 1334(b).

Resp. to BOL's Mot. to Dismiss at 5.

As an initial matter, the Court notes that LCvR84.1(a)(1) is cast in mandatory terms; that is to say, the Court has no discretion to decline to transfer cases deemed referable under the rule: "Pursuant to 28 U.S.C. § 157(a), *all cases* under Title 11 of the United States Code *and any and all*

---

[2]     In its reply brief, BOL reverses course, arguing that FSOC's claims neither arise in nor are related to Roy A. Lotspeich's Chapter 11 bankruptcy, that FSOC's claims arise exclusively under state law, and that this Court should therefore dismiss those claims on the ground that diversity jurisdiction is lacking.

*proceedings* arising under Title 11 or arising in or related to a case under Title 11 *shall be and are hereby referred* to the bankruptcy judges for this district." LCvR84.1(a)(1) (emphasis added). If the instant action falls within the class of cases affected by the automatic referral requirement of LCvR84.1(a)(1), therefore, it *must* be transferred to the Bankruptcy Court.

While this action does not appear to arise "under" Title 11, or to arise "in" a case under Title 11, it does appear to this Court to be "related to" a case under Title 11. "Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court." *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990). The Tenth Circuit has adopted the "*Pacor*" test for determining whether a civil case is "related to" a Title 11 bankruptcy case under § 157(a): "'[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). "Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate." *Id.*

The Court finds that the instant action is "related to" the Roy A. Lotspeich bankruptcy case, a case arising under Title 11, and which is presently on appeal to the United States Bankruptcy Appellate Panel of the Tenth Circuit.[3] The Court further finds, therefore, that this action falls within the class of cases affected by the automatic referral requirement of LCvR84.1(a)(1). As indicated above, FSOC has asserted as the jurisdictional basis for this action that its claims arise "under" the

---

[3]     BAP No. WO-04-074, United States Bankruptcy Appellate Panel of the Tenth Circuit.

Bankruptcy Code, or arise "in" or are "related to" the Roy A. Lotspeich bankruptcy case.  The Court finds that the allegations in FSOC's Complaint support this assertion of jurisdiction, at least with respect to "related to" jurisdiction.  On this point, the Court focuses on two of the allegations in FSOC's Complaint: (1) FSOC's allegation that BOL "presented a false and misleading Proof of Claim" in the Roy A. Lotspeich bankruptcy case, Compl. at ¶¶ 2, 33, and (2) its allegation that BOL "engaged in preferential transfers related to the assets of the debtor, assisting in giving the appearance that the debtor had less assets based upon transfers to insiders and entities owned by the debtor, all in an attempt to hide assets from FSOC."  Compl. at ¶ 3.

The Proof of Claim allegation clearly has the potential to impact the estate being administered in bankruptcy.  By challenging the veracity of BOL's Proof of Claim, FSOC is in essence indirectly challenging the Bankruptcy Court's ruling (which is now pending on appeal) to the extent that the Bankruptcy Court relied on a purportedly fraudulent Proof of Claim in making its ruling.  *See* Compl. at ¶¶ 2, 33, 36.  Because the Proof of Claim allegation challenges the propriety of the Bankruptcy Court's ruling, the Court finds that resolution of FSOC's related claims could potentially alter Roy A. Lotspeich's rights, liabilities, options, and freedom of action.

The preferential or fraudulent transfers allegation has the same potential to impact the estate. FSOC alleges that BOL knowingly and intentionally assisted Roy A. Lotspeich in transferring and/or concealing his assets in an effort to prevent FSOC from recovering them.  Compl. at ¶ 3.  In relief, FSOC suggests that "all assets transferred by [Roy A.] Lotspeich either to Arrow Cattle or his wife, Rosalee Lotspeich, or her revocable trust should be avoided pursuant to [the Uniform Fraudulent Transfer Act, Okla. Stat. tit. 24, § 116] and such assets, or the value thereof, should be recovered and preserved in their entirety for the benefit of the debtor's estate and FSOC as a partially secured and unsecured creditor."  Compl. at ¶ 51.  Based on this requested remedy, the

Court finds that FSOC's preferential or fraudulent transfers allegation undoubtedly has the potential to impact Roy A. Lotspeich's rights, liabilities, options, or freedom of action, at least indirectly.

The Court rejects BOL's assertion that this is an action between third-party creditors *not* involving the debtor or his property, and that the Bankruptcy Court consequently lacks "related to" jurisdiction. *See Gardner*, 913 F.2d at 1518 ("[T]he bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy."). As discussed above, Roy A. Lotspeich's property and the future distribution thereof is clearly involved in this action.

Further, the Court is not convinced that the procedural posture of the bankruptcy case precludes application of the automatic referral requirement of LCvR84.1(a)(1). While proceedings before the Bankruptcy Court have come to a close for the time being, the case may very well be remanded by the United States Bankruptcy Appellate Panel of the Tenth Circuit, and any further proceedings before the Bankruptcy Court on remand could potentially impact the issues at stake in this litigation. In addition, this action may, as all Defendants have argued, fall within the continuing jurisdiction of the Bankruptcy Court under Article XIII of the Trustee's Plan of Reorganization that was adopted by the Bankruptcy Court. *See* BOL's Mot. to Dismiss at 1-2; Rosalee Lotspeich and Arrow's Mot. to Dismiss at 2, 6-7. Thus, in the interests of comity, convenience, and judicial economy, the Court finds that this action is subject to the automatic referral requirement of LCvR84.1(a)(1) notwithstanding the fact that the "related" bankruptcy case is now pending on appeal.

Finally, the Court addresses FSOC's request that the Court withdraw this action from automatic referral pursuant to 28 U.S.C. § 157(d). Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Given the nature of the claims advanced by FSOC, the Court finds that only the first sentence of § 157(d), which confers discretionary authority on the Court to withdraw a case referred under § 157(a), applies in this action. This Court, however, declines to withdraw the referral on its own motion, and advises FSOC that its motion for withdrawal of the referral must be filed in the Bankruptcy Court. LCvR84.1(b)(2) ("Motions for withdrawal of the reference of a case or proceeding shall be filed with the bankruptcy clerk within twenty days after service of summons in a proceeding or filing of any objection in a case which renders a matter contested.").

For the reasons set forth in detail above, the Court finds that this action must be, and now hereby is, TRANSFERRED to the United States Bankruptcy Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 157(a) and LCvR84.1(a)(1). To the extent that BOL has requested the partial transfer of this action to the Bankruptcy Court, its Motion to Dismiss [docket no. 17] is GRANTED IN PART and DENIED IN PART. Rosalee Lotspeich and Arrow's Motion to Dismiss [docket no. 16] is DENIED as moot.

**IT IS SO ORDERED this 24th day of June, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE